Roger Allan COX, d/b/a Law Enforcement Ordinance Company & the West Virginia State Penitentiary

v.

BUREAU OF ALCOHOL, TOBACCO & FIREARMS, DEPARTMENT OF the TREASURY OF the UNITED STATES.

No. C75–354A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Feb. 27, 1976.

William R. Carlisle, Carlisle & Carlisle, Decatur, Ga., for plaintiffs.

John W. Stokes, Jr., U. S. Atty., N. D. Ga., Julian M. Longley, Jr., Asst. U. S. Atty., Atlanta, Ga., for defendant.

ORDER OF COURT

MOYE, District Judge.

This is an action under the National Firearms Act of 1954, 26 U.S.C. § 5801, *et seq.*, and implementing regulations thereto. Plaintiff Cox [Dealer] is a duly licensed dealer in firearms pursuant to 26 U.S.C. § 5812(a). Plaintiff West Virginia State Penitentiary [Penitentiary] is a duly authorized law enforcement agency of the State of West Virginia. The defendant, Bureau of Alcohol, Tobacco, and Firearms of the Department of the Treasury of the United States [BATF], is a federal agency charged with the supervision of commerce in automatic weapons.

The Penitentiary contracted with Dealer to transfer to Dealer six automatic weapons in exchange for other firearms. As required by Title II of the National Firearms Act, any transfer of such automatic weapons must be approved by the BATF. The BATF refused to authorize the transfer of the Penitentiary's automatic weapons to Dealer, citing as authority BATF Ruling 74–8, and 27 C.F.R. § 179.104.

Plaintiffs bring this action to invalidate BATF Ruling 74–8 and to compel the BATF to allow the registration and subsequent transfer of Title II weapons registered under Section 179.104.

The National Firearms Act provides strict controls for the registration of all firearms as defined in the Act. The Act requires the Secretary of the Treasury to maintain a central registry of all firearms, as defined in the Act, in the United States which are not under the control of the United States. 26 U.S.C. § 5841(a). No one may legally possess a firearm not so registered. The Act provides that each manufacturer, importer, and maker shall register each firearm he manufactures, imports, or makes, and that each firearm transferred shall be registered to the transferee by the transferor. 26 U.S.C. § 5841(b). No transfer may take place without such registration. 26 U.S.C. § 5812(b). The regulations provide exception to this provision

to allow States and political subdivisions to register firearms not registered to them which they acquire for official use, such as by abandonment or forfeiture. 26 C.F.R. § 179.104.

BATF Ruling 74–8 provides that when registration of firearms by governmental entities is approved pursuant to 26 C.F.R. § 179.104, such approval shall be marked "official use only." Ruling 74–8 further provides that the BATF will approve subsequent transfers of such firearms only to other governmental entities for official use, and that otherwise such firearms must be destroyed or abandoned to the BATF.

The firearms in question were registered to the Penitentiary under the provisions of § 179.104 and Ruling 74–8.

If these weapons had not been obtained for official use, they would have been subject to seizure and forfeiture as unregistered firearms. Section 179.104 provides a narrow exception to this rule for governmental entities using the firearms for official use and should not be used as a vehicle to register otherwise unregisterable weapons for the purpose of introducing them into ordinary commercial channels. See Ruling 74–8. The regulation states that registration of such weapons is for "official use only" and subsequent transfers can only be to other government agencies for official use; otherwise the firearms must be forfeited to the BATF. Accordingly, defendant's refusal to authorize the Penitentiary's transfer of the firearms in question to Dealer was in compliance with Section 179.104 and the National Firearms Act.

Plaintiffs' constitutional attack upon the regulations is considered abandoned inasmuch as plaintiffs have not briefed the constitutional claims as directed by the Court in its order of January 23, 1976.

Inasmuch as the defendant acted in accordance with 27 C.F.R. § 179.104 and Ruling 74–8, which are consistent with the National Firearms Act, the instant action is hereby ORDERED DISMISSED.